United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS H. BORJAS, | ) | No. C 04-2252 JW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL |
| | ) | AND OF SERVICE; DIRECTING |
| vs. | ) | DEFENDANTS TO FILE ANSWER |
| | ) | |
| | ) | |
| JOSEPH McGRATH, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

On July 10, 2006, plaintiff, a California prisoner proceeding pro se, filed an amended complaint under 42 U.S.C. § 1983 against numerous officials of Pelican Bay State Prison ("PBSP"), where plaintiff was formerly incarcerated.[1]  Plaintiff alleges the defendants were deliberately indifferent to his safety and medical needs.

**DISCUSSION**

A.   Review Pursuant to 28 U.S.C. § 1915A

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

---

[1] Plaintiff's original complaint was dismissed with leave to amend. The amended complaint supersedes the original. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

1 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state
2 a claim upon which relief may be granted or seek monetary relief from a defendant who
3 is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must,
4 however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
5 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege
6 two essential elements: (1) that a right secured by the Constitution or laws of the United
7 States was violated, and (2) that the alleged violation was committed by a person acting
8 under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges he injured his knee playing handball on September 20, 2001. The injury was subsequently found by medical professionals to require surgery. He did not receive this surgery until October 2002, despite his numerous requests of PBSP officials for surgery sooner.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A claim of mere negligence in connection with medical conditions is not enough to make out a violation of the Eighth Amendment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

To state a claim under § 1983, a plaintiff must set forth specific facts as to each

Order of Service
N:\Pro - Se\8.17.2007\04-02252 Borjas02252_service.wpd    2

individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff makes no allegations whatsoever with respect to defendants Farfan, Galindo and Reynoso, let alone how they might have caused a violation of his constitutional rights.

With respect to defendants Trimm, Smith, Rodriguez, Cota, F. Guy, Sr. Dastagnola, Coleman, and Latham, the only allegations against them are that they are guards whom, over a ten-day period, he asked about the status of his surgery.[2] Plaintiff alleges they told him they would look into the issue, but that he never heard back from them. There is no allegation that they failed to investigate the status of the surgery. There is no allegation, however, that they had any authority to cause the surgery to happen sooner. These defendants were guards, not medical personnel, and the allegations in the complaint make clear that the only personnel with authority to order, schedule or expedite surgery were medical personnel. Consequently, these defendants cannot be said to have "proximately caused" the alleged delay in surgery, or otherwise to have been deliberately indifferent to his serious medical needs.

Similarly, the alleged actions of defendants S. Latham and B. Pearson, who are psychiatric technicians, do not amount to deliberate indifference. Defendant alleges he requested that they investigate the delays in his knee surgery, and that they did so in response to his requests. Specifically, plaintiff alleges Latham looked into the schedule and told plaintiff he would get "surgery soon." Pearson did a review of plaintiff's medical records and notified a prison nurse (L. Bree) of the problems in plaintiff's care. In addition, after surgery, Pearson requested bandaids and gauze from prison nurses in response to plaintiff's request. In short, the allegations are clear that these defendants did not ignore plaintiff's requests for care. There is no allegation, or inference that can

---

[2] As to defendant Guy, Sr., plaintiff also alleges he requested documentation about plaintiff's yard access, which Guy, Sr. allegedly provided.

Order of Service
N:\Pro - Se\8.17.2007\04-02252 Borjas02252_service.wpd   3

be reasonably drawn from the complaint, that these defendants, who were psychiatric technicians not involved in the care of his knee, had any authority to alter or expedite the treatment plaintiff received for his knee. As such, the allegations fail to state a cognizable claim that they were deliberately indifferent to his medical needs.

Having reviewed the complaint, the Court finds cognizable, when liberally construed, plaintiff's claims that the remaining PBSP officials named as defendants herein were deliberately indifferent to his safety and to his serious medical needs, in violation of the Eighth Amendment.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against defendants, K. Trimm, E. Smith, Rodriguez, Cota, F. Guy Sr., Lujan, Dastagnola, W. Coleman, Farfan, Galindo, Reynoso, S. Latham and B. Pearson are DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **July 10, 2006 Amended Complaint** in this matter, all attachments thereto, and a copy of this order upon: **Correctional Officers D. Forkner, Tweed, M.L. Bray, P. Martinez, Ferguson, Speaker, Johnson, and R. Roberts; Medical Technical Assistant Mullens; Registered Nurses A. Rochuba, A. Atkins, L. Bree and S. Bliesner; Dr. A. Everett, Dr. Drikvrega, Health Care Manager Dr. D. Winslow, Dr. Duncan, Appeals Coordinator Nimrod, Associate Warden Schwartz, and Warden J. McGrath** at **Pelican Bay State Prison**. The clerk shall also mail courtesy copies of the **July 10, 2006 Amended Complaint** and this order to the California Attorney General's Office.

3. The court has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The Court finds the instant matter suitable for mediation proceedings

following service of the summons and complaint on defendants.  Accordingly, **defendants shall file an answer within ninety (90) days** of the date this order is filed, at which time the Court will refer the instant action for mediation under the Pro Se Prisoner Mediation Program.

4. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:   August 2, 2007

JAMES WARE
United States District Judge

Order of Service
N:\Pro - Se\8.17.2007\04-02252 Borjas02252_service.wpd            5