**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
JESUS H. BORJAS,                    )     No. C 04-02252 JW (PR)
11                                   )
          Plaintiff,                 )     ORDER REGARDING SERVICE ON
12                                   )     DEFENDANTS; DENYING
     vs.                             )     MOTIONS FOR ENTRY OF
13                                   )     DEFAULT; INSTRUCTIONS TO
                                     )     CLERK
14  JOSEPH McGRATH, et al.,          )
                                     )
15        Defendant(s).              )
                                     )     (Docket Nos. 44 & 45)
16  _____ )

17

18          Plaintiff, a California prisoner, filed a <u>pro se</u> civil rights action under 42

19  U.S.C. § 1983 against various PBSP employees for violations of plaintiff's

20  constitutional rights.  Plaintiff's original complaint was dismissed with leave to

21  amend.  On August 17, 2007, the Court partially dismissed some of the claims in

22  plaintiff's first amended complaint, and ordered service of the remaining cognizable

23  claims upon the following defendants at Pelican Bay State Prison (PBSP):

24  Correctional Officers D. Forkner, Tweed, M.L. Bray, P. Martinez, Ferguson,

25  Speaker, Johnson, and R. Roberts; Medical Technical Assistant Mullens; Registered

26  Nurses A. Rochuba, A. Atkins, L. Bree and S. Bliesner; Dr. A. Everett, Dr.

27  Drikvrega, Health Care Manager Dr. D. Winslow, Dr. Duncan, Appeals Coordinator

28  Nimrod, Associate Warden Schwartz, and Warden J. McGrath.

A.      Summonses Returned Unexecuted

On August 31, 2007, summonses were issues as to the above defendants.

However, several of the summonses were returned unexecuted on September 28,

2007 for the following reasons:

1.      Defendants Unknown at PBSP

The summons for defendant Dr. Duncan was returned with the following

comment: "Subject is unknown at the facility. The facility will not accept service."

(See Docket No. 20.)  Accordingly, this defendant has not been served.  Federal

Rule of Civil Procedure 4(m) contemplates that service of process normally will be

accomplished within four months of the filing of the complaint.  Although the Court

can have the Marshal serve process on a defendant, it is plaintiff's responsibility to

provide a name, including a first name or initial, and address for each defendant to

be served.  Plaintiff must provide the Court with this information in a pleading no

later than **thirty (30) days** from the date of this order, in order for the Court to

provide the United States Marshal with sufficient information for service to be

effected under Fed. R. Civ. P. 4(c)(2).  See Walker v. Sumner, 14 F.3d 1415, 1422

(9th Cir. 1994).  Failure to do so may result in dismissal of the complaint against

defendant Duncan under Rule 4(m).

2.      More Information Needed

The summons for defendant Johnson was returned with the following

comment: "More information is needed on subject to be served. There are nine

personnel at the facility with the last name of Johnson."  (See Docket No. 25.)

Additional information is required from plaintiff in order to proceed against this

defendant.  Plaintiff must provide the first name or initial of defendant Johnson to

the Court in a pleading within **thirty (30) days** from the date of this order in order

for the Court to provide the United States Marshal with sufficient information for

service to be effected under Fed. R. Civ. P. 4(c)(2).  See Walker, 14 F.3d at 1422.

Failure to do so may result in dismissal of the complaint against this defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3.      No Longer at Facility

The summonses for defendants R. Roberts, Dr. D. Winslow, Warden J. McGrath, and Dr. A. Everett were returned with the comment on each either that "Subject is no longer at the facility. The facility will not accept service." (See Docket Nos. 19, 22, 23 & 24.)  Accordingly, these defendants have not been served.

The clerk of the Court shall send a copy of this order to the Litigation Coordinator at PBSP, who is requested to provide any forwarding address information that is available with respect to these defendants.  However, it is ultimately plaintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant.  Plaintiff must provide the Court with this information in a pleading no later than **thirty (30) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2).  See Walker, 14 F.3d at 1422.  Failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m) of the Federal Rules of Civil Procedure.

B.      Summonses Not Yet Returned

The summonses as to defendants A. Atkins and Schwartz have not yet been returned either executed or unexecuted.  It appears that these defendants have not been served.  Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint.  Although the Court can have the Marshal serve process on a defendant, it is plaintiff's responsibility to provide a name and address for each defendant to be served.  At a minimum, plaintiff must provide a last name and first initial of each defendant.  Plaintiff has failed to do so for defendant Schwartz.  Plaintiff must provide the Court with defendant's correct first name or initial in a pleading no later than **thirty (30) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected

Order Regarding Service on Ds
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_re Ds.wpd

1  under Fed. R. Civ. P. 4(c)(2).  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.

2  1994).  Failure to do so may result in dismissal of the complaint against these

3  defendants under Rule 4(m).

4

5                                  **CONCLUSION**

6        For the foregoing reasons:

7        1.       Plaintiff shall provide the Court with the necessary  information

8  as discussed above for unserved defendants Duncan, Johnson, R. Roberts, Dr. D.

9  Winslow, Warden J. McGrath, Dr. A. Everett, A. Atkins and Schwartz in a pleading

10  **no later than thirty (30) days** from the date of this order.  Plaintiff must provide the

11  Court with this information in order for the Court to provide the United States

12  Marshal with sufficient information for service to be effected under Fed. R. Civ. P.

13  4(c)(2).  See Walker, 14 F.3d at 1422.  **Failure to do so may result in dismissal of**

14  **the complaint against these defendants under Rule 4(m) of the Federal Rules of**

15  **Civil Procedure.**

16        2.       Plaintiff's motion for default judgment against defendants A. Atkins

17  and Scwhartz (Docket Nos. 44 & 45) are DENIED as premature; defendants have

18  not been served with summons and the complaint, let alone had adequate time to

19  discover the facts underlying plaintiff's claims.

20        3.       The Clerk of the Court is instructed to send a copy of this order to the

21  Litigation Coordinator at PBSP, to comply with the Court's request to provide

22  information regarding defendants who are no longer at the facility.

23        4.       The Clerk shall issue summons and the United States Marshal shall

24  serve, without prepayment of fees, a copy of the **July 10, 2006 Amended**

25  **Complaint** in this matter, all attachments thereto, a copy of the Court orders dated

26  August 17, 2007 (Docket No. 18) and April 11, 2008 (Docket No. 30), and a copy of

27  this order upon **Dr. Srikureja, F. Guy, Sr., and Rogers at Pelican Bay State**

28  **Prison** as it appears that these defendants were not initially served.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

     5.     The Clerk shall terminate Cal Terhune from this action since plaintiff has not named him as a defendant in his amended complaint which supersedes the original complaint.

     No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable in the previous court orders.  The parties shall comply with the briefing schedule set forth in the court order dated April 11, 2008.

     This order terminates Docket Nos. 44 and 45.

DATED: __   February 18, 2009   ___   _____

                                 JAMES WARE
                                 United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JESUS H. BORJAS,

    Plaintiff,

 v.

JOSEPH McGRATH, et al.,

    Defendants.

_____/

Case Number: CV04-02252 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesus H. Borjas E-89513
California Correctional Institution (CCI)
P. O. Box 1902
Tehachapi, Ca 93581

Dated: _____

    Richard W. Wieking, Clerk
    By: Elizabeth Garcia, Deputy Clerk