IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS H. BORJAS,<br><br>  Plaintiff,<br><br> vs.<br><br>JOSEPH McGRATH, et al.,<br><br>  Defendant(s). | No. C 04-02252 JW (PR)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE UNSERVED DEFENDANTS<br><br><br><br><br>(Docket No. 56) |

Plaintiff, a California prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 against various PBSP employees for violations of plaintiff's constitutional rights. On August 31, 2007, summonses were issued as to the named defendants. However, several of the summonses were returned unexecuted on September 28, 2007 for various reasons. Furthermore, the summonses as to defendants A. Atkins and Schwartz were not returned either executed or unexecuted. Accordingly, on March 13, 2009, the Court ordered Plaintiff to provide the United States Marshal with sufficient information for service to be effected upon unserved defendants Duncan, Johnson, R. Roberts, Dr. D. Winslow, Warden J. McGrath, Dr. A. Everett, A. Atkins and Schwartz in a pleading within thirty days from the date the order was filed. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

Order Granting Ext. Of Time
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_eot-unserved Ds.wpd

Plaintiff was warned that failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m). On April 13, 2009, Plaintiff filed a motion for extension of time to comply with the Court's March 13, 2009 order. (Docket No. 56.) Good cause appearing, Plaintiff's motion is GRANTED.

Also in the March 13, 2009 order, the Court ordered the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the July 10, 2006 Amended Complaint in this matter, all attachments thereto, a copy of the Court orders dated August 17, 2007 (Docket No. 18) and April 11, 2008 (Docket No. 30), and a copy of the order upon Dr. Srikureja, F. Guy, Sr., and Rogers at Pelican Bay State Prison as it appeared that these defendants were not initially served. (See Docket No. 50.) On March 13, 2009, the summonses were issued as to these three defendants. However, the summonses were returned unexecuted on May 6, 2009, for various reasons. The summons for defendant Srikureja states: "The facility has no information on the subject. The facility will not accept service." (See Docket No. 57.) The summons for defendant F. Guy, Sr., states: "The subject is no longer at the facility. The facility will not accept service." (See Docket No. 58.) The summons for defendant Rogers states: "Facility will not accept without more information. The facility has more than one "Rodgers." (See Docket No. 59.) Accordingly, these defendants have not been served.

As plaintiff is now well aware, Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can have the Marshal serve process on a defendant, it is plaintiff's responsibility to provide a name, including a first name or initial, and address for each defendant to be served. Plaintiff must provide the Court with this information in a pleading no later than **thirty (30) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

Order Granting Ext. Of Time
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_eot-unserved Ds.wpd       2

1 Failure to do so may result in dismissal of the complaint against defendants Dr.
2 Srikureja, F. Guy, Sr., and Rogers under Rule 4(m).

## CONCLUSION

For the foregoing reasons:

Plaintiff must either himself effect service on defendants or provide the Court with the information in a pleading as discussed above for unserved defendants Duncan, Johnson, R. Roberts, Dr. D. Winslow, Warden J. McGrath, Dr. A. Everett, A. Atkins, Schwartz, Dr. Srikureja, F. Guy, Sr., and Rogers **no later than thirty (30) days** from the date of this order. If Plaintiff effects service himself, he must provide the Court with proof thereof. Otherwise, Plaintiff must provide the Court with sufficient information to allow the United States Marshal to effect service under Fed. R. Civ. P. 4(c)(2). See Walker, 14 F.3d at 1422. **Failure to comply with this order will result in dismissal of the complaint against these defendants under Rule 4(m) of the Federal Rules of Civil Procedure.**

This order terminates Docket No. 56.

DATED: May 13, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESUS H. BORJAS,

        Plaintiff,

  v.

JOSEPH McGRATH, et al.,

        Defendants.

Case Number: CV04-02252 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/28/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesus H. Borjas E-89513
Pelican Bay State Prison
P. O. Box 7500
Cresent city, Ca 95532

Dated: 5/28/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk