IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS H. BORJAS, ) | No. C 04-02252 JW (PR) |
| ) | |
| Plaintiff, ) | ORDER REQUESTING |
| ) | INFORMATION FROM PBSP |
| vs. ) | LITIGATION COORDINATOR; |
| ) | NOTICE TO PLAINTIFF |
| JOSEPH McGRATH, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a California prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 against various Pelican Bay State Prison ("PBSP") employees for violations of plaintiff's constitutional rights. To date, there remain three unserved defendants in this action: Dr. Srikureja, F. Guy, Sr., and Rogers.[1]

In an order filed March 13, 2009, the Court ordered the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the July 10, 2006 Amended Complaint in this matter, all attachments thereto, a copy of the Court orders dated August 17, 2007 (Docket No. 18) and April 11, 2008 (Docket No. 30), and a copy of the order upon Dr. Srikureja, F. Guy, Sr., and Rogers at PBSP as it appeared that these defendants were not initially served.

---

[1] On March 31, 2010, the Court granted summary judgment in favor of defendants Bree, Forkner, and Rochuba. (See Docket No. 72.)

Order Requesting Information; Notice to P
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_re unserved Ds.wpd

(See Docket No. 50.) On March 13, 2009, the summonses were issued as to these three defendants. However, the summonses were returned unexecuted on May 6, 2009, for various reasons. The summons for defendant Srikureja states: "The facility has no information on the subject. The facility will not accept service." (See Docket No. 57.) The summons for defendant F. Guy, Sr., states: "The subject is no longer at the facility. The facility will not accept service." (See Docket No. 58.) The summons for defendant Rogers states: "Facility will not accept without more information. The facility has more than one "Rodgers." (See Docket No. 59.)

On May 28, 2009, the Court granted plaintiff an extension of time to correct this deficiency by either attempting to effect service himself on these three defendants and provide proof of service thereon or provide the Court with sufficient information to allow the United States Marshal to effect service. (See Docket No. 60.) Plaintiff did not comply in the time provided.

On March 31, 2010, the Court again extended the time for plaintiff to provide proof of service or location information for the three unserved defendants. In response to the Court order, plaintiff filed a notice on April 29, 2010, stating that he has diligently inquired about defendants F. Guy Sr., Rogers, and Dr. Srikureja at PBSP. Plaintiff has updated defendant Guy's first name as "Frank" and Dr. Srikureja's first initial as "A." Plaintiff asserts that defendant Guy and Rogers continue to be employed at PBSP, and that Dr. Srikureja continues to be under contract with the California Department of Corrections and Rehabilitation. (Docket No. 73.)

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal,

1  such plaintiff "may not remain silent and do nothing to effectuate such service";
2  rather, "[a]t a minimum, a plaintiff should request service upon the appropriate
3  defendant and attempt to remedy any apparent defects of which [he] has
4  knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

5  Here, plaintiff's claims against defendants Guy, Rogers, and Srikureja has
6  been pending for well over 120 days, and thus, absent a showing of "good cause," is
7  subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff has failed
8  to provide sufficient information to allow the Marshal to locate and serve these three
9  defendants, and consequently, plaintiff must remedy the situation or face dismissal
10 of his claims against them without prejudice. See Walker v. Sumner, 14 F.3d at
11 1421-22 (holding prisoner failed to show cause why prison official should not be
12 dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal
13 with sufficient information to effectuate service).

14 In the interest of justice, the clerk of the Court shall send a copy of this order
15 along with a copy of plaintiff's notice, (Docket No. 73), to the PBSP Litigation
16 Coordinator who is requested to confirm whether these three defendants are
17 currently employed at PBSP based on the information provided in plaintiff's notice.
18 If any of these defendants are no longer employed at PBSP, the Litigation
19 Coordinator is requested to provide the Court with any forwarding address that is
20 available. The Litigation Coordinator may file this information under seal if
21 necessary. The Litigation Coordinator is directed to file a response within **twenty**
22 **(20) days** from the date of this order.

23 However, it is ultimately plaintiff's responsibility to provide full names and
24 address for these defendants to be served in order for the Court to direct the Marshal
25 to serve process on defendants.

26 ///
27 ///
28 ///

Order Requesting Information; Notice to P
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_re unserved Ds.wpd      3

**CONCLUSION**

For the foregoing reasons:

1. The clerk of the Court is instructed to send a copy of this order to the Litigation Coordinator at PBSP, to comply with the Court's request to provide information regarding defendants Frank Guy Sr., Rogers, and Dr. A. Srikureja. The clerk shall also enclose a copy of plaintiff's notice filed on April 29, 2010, (Docket No. 73), with a copy of this order. The Litigation Coordinator shall file a response **within twenty (20) days** from the date of this order.

2. Notwithstanding the request to the Litigation Coordinator, plaintiff is ultimately responsible for providing the Court with the necessary information as discussed above for unserved defendants Guy, Rogers and Srikureja. Plaintiff shall continue to make good faith effort to obtain this information within **twenty (20) days** from the date of this order, and file notice thereon.

**If the Court is not provided with location information for any of these three defendants in the time provided, from either plaintiff or the Litigation Coordinator, all claims against them will be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure without further notice to plaintiff.**

DATED: May 11, 2010

JAMES WARE
United States District Judge

Order Requesting Information; Notice to P
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_re unserved Ds.wpd       4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESUS H. BORJAS,

        Plaintiff,

  v.

JOSEPH McGRATH, et al.,

        Defendants.

                              /

Case Number: CV04-02252 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesus H. Borjas E-89513
Pelican Bay State Prison
P. O. Box 7500
Crescent city, Ca 95532

Dated: _____

                                            Richard W. Wieking, Clerk
                                            By: Elizabeth Garcia, Deputy Clerk