IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS H. BORJAS,            ) | No. C 04-02252 JW (PR) |
|                             ) | |
|     Plaintiff,              ) | ORDER OF SERVICE; DIRECTING |
|                             ) | DEFENDANTS TO FILE |
|  vs.                        ) | DISPOSITIVE MOTION OR NOTICE |
|                             ) | REGARDING SUCH MOTION; |
| JOSEPH McGRATH, et al.,     ) | INSTRUCTIONS TO CLERK |
|                             ) | |
|     Defendant(s).           ) | |
|                             ) | |
|                             ) | |

Plaintiff, a California prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 against various Pelican Bay State Prison ("PBSP") employees for violations of plaintiff's constitutional rights. To date, there remain three unserved defendants in this action: Dr. Srikureja, F. Guy, Sr., and Rogers.[1]

In an order filed March 13, 2009, the Court ordered the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the July 10, 2006 Amended Complaint in this matter, all attachments thereto, a copy of the Court orders dated August 17, 2007 (Docket No. 18) and April 11, 2008 (Docket No. 30), and a copy of the order upon Dr. Srikureja, F. Guy, Sr., and Rogers at PBSP as it appeared that these defendants were not initially served.

---

[1] On March 31, 2010, the Court granted summary judgment in favor of defendants Bree, Forkner, and Rochuba. (See Docket No. 72.)

Order of Service
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_svc-2.wpd

1   (See Docket No. 50.)  On March 13, 2009, the summonses were issued as to these
2   three defendants.  However, the summonses were returned unexecuted on May 6,
3   2009, for various reasons.  The summons for defendant Srikureja states: "The
4   facility has no information on the subject.  The facility will not accept service."  (See
5   Docket No. 57.)  The summons for defendant F. Guy, Sr., states: "The subject is no
6   longer at the facility.  The facility will not accept service."  (See Docket No. 58.)
7   The summons for defendant Rogers states: "Facility will not accept without more
8   information.  The facility has more than one "Rodgers."  (See Docket No. 59.)

On May 28, 2009, the Court granted plaintiff an extension of time to correct this deficiency by either attempting to effect service himself on these three defendants and provide proof of service thereon or provide the Court with sufficient information to allow the United States Marshal to effect service.  (See Docket No. 60.)  On March 31, 2010, the Court again extended the time for plaintiff to provide proof of service or location information for the three unserved defendants.  In response to the Court order, plaintiff filed a notice on April 29, 2010, stating that he has diligently inquired about defendants F. Guy Sr., Rogers, and Dr. Srikureja at PBSP.  Plaintiff has updated defendant Guy's first name as "Frank" and Dr. Srikureja's first initial as "A."  Plaintiff asserts that defendant Guy and Rogers continue to be employed at PBSP, and that Dr. Srikureja continues to be under contract with the California Department of Corrections and Rehabilitation.  (Docket No. 73.)

In the interest of justice, on May 13, 2010, the Court requested the Litigation Coordinator at PBSP to provide information regarding defendants Guy, Rogers and Srikureja, while reminding plaintiff that he was ultimately responsible for providing the Court with the necessary information for these unserved defendants.  (See Docket No. 74.)  On June 2, 2010, the Litigation Coordinator filed a response, providing address information for defendants Srikureja and Guy.  The Litigation Coordinator was able to identify three employees at PBSP with the name "Rogers,"

Order of Service
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_svc-2.wpd          2

only one of whom is currently working at PBSP, *i.e.,* Byron Rogers.

The Court notes that plaintiff himself has filed no information with respect to the unserved defendants in response to the Court's notice. **Accordingly, plaintiff is advised that if these defendants remain unserved after this final service attempt, all claims against them will be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure without further notice to plaintiff.**

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **July 10, 2006 Amended Complaint** in this matter, all attachments thereto, and a copy of this order upon **defendant Dr. Amornchit Srikureja** and **defendant Frank Guy** at their respective addresses as provided by the PBSP Litigation Coordinator in the letter dated May 19, 2010, (see Docket No. 75), and upon **defendant Byron Rogers** at **Pelican Bay State Prison**. The clerk shall also mail a courtesy copy of this order to the California Attorney General's Office.

2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary**

**judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

      3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

      a.      In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_svc-2.wpd      4

> complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      4.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      5.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

      6.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      8.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action

United States District Court
For the Northern District of California

1  for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      9.    Extensions of time must be filed no later than the deadline sought to be
3  extended and must be accompanied by a showing of good cause.

5  DATED:  June 15, 2010

      */s/ James Ware*
JAMES WARE
United States District Judge

Order of Service
P:\PRO-SE\SJ.JW\CR.04\Borjas02252_svc-2.wpd           6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESUS H. BORJAS,

        Plaintiff,

  v.

JOSEPH McGRATH, et al.,

        Defendants.

Case Number: CV04-02252 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/17/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesus H. Borjas E-89513
Pelican Bay State Prison
P. O. Box 7500
Crescent city, Ca 95532

Dated: 6/17/2010

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk